Filed 2/16/21  P. v. Irvine CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C090224 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CR001056) |
| v. | |
| STEVEN RAY IRVINE, JR., | |
| Defendant and Appellant. | |

After defendant Steven Ray Irvine, Jr., pleaded guilty to criminal threats and possession of a controlled substance with a firearm, the trial court denied probation and imposed an aggregate nine-year four-month sentence.  Defendant appeals, contending the trial court abused its discretion and violated defendant's due process rights by denying him probation.  We affirm the judgment.

1

## FACTS AND PROCEDURAL HISTORY

Early one morning, defendant was under the influence of alcohol and methamphetamines. He came home to see his stepfather's car parked in front of his house. Defendant "flashed" with anger because his stepfather was a "child molester" and was not welcome in his home. Defendant had a new gun and decided to "light it up." He fired gunshots from outside his house and into his mother's bedroom window, waking his mother and stepfather. Defendant then shot out the windows of his stepfather's car and entered the house. His mother confronted him, and he told her to leave, shoved her chest, pointed a gun at her face, and threatened to kill her. She went back to her bedroom, and defendant followed. Defendant told his stepfather he was going to "blow his fucking head off" as his stepfather lay on the floor with his wife to avoid the confrontation.

As defendant repeatedly told his mother and stepfather to leave the house, they packed up their belongings and began to load the car. While they loaded, defendant shot multiple rounds from about twenty-five yards away. One bullet "whizz[ed]" by his stepfather's ear. Defendant continued shooting as they drove away. Defendant estimated he shot approximately 100 rounds, after which he went back inside the house and fell asleep.

The SWAT team arrived shortly thereafter and repeatedly called out for defendant to leave his home. Defendant did not answer and the SWAT team entered the home and arrested him. Once inside, deputies found numerous firearms, high-capacity magazines, drum magazines, and ammunition, as well as two baggies of methamphetamine. During booking, they also found 3.45 grams of methamphetamine on defendant's person.

Defendant explained his intent was to shoot repeatedly in the air to scare his mother and stepfather, but denied wanting to kill them. He described himself as "raising hell" in an effort to get them out of the house.

In an open plea, defendant pleaded guilty to two counts of making criminal threats (Pen. Code, § 422) (statutory section references that follow are to the Penal Code unless otherwise set forth) and one count of possessing a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)).  He further admitted that he personally used a firearm within the meaning of section 12022.5, subdivision (a).

At sentencing, the trial court acknowledged defendant was presumptively ineligible for probation under section 1203, subdivision (e)(2).  It denied probation and sentenced defendant to an aggregate term of nine years four months, comprised of the upper term of four years for possession of a controlled substance with a firearm, a consecutive four-year term for the firearm enhancements, and one-third the midterm of eight months consecutive for each criminal threat.

## DISCUSSION

Defendant concedes he was presumptively ineligible for probation but argues this was an unusual case where the interests of justice would be served by granting probation.  As noted, *ante*, he contends the trial court abused its discretion when it denied probation, and argues that the trial court's failure to expressly articulate why the case did not qualify as unusual or otherwise eligible for probation violated his due process rights.  Given defendant's criminal actions while under the influence of alcohol and methamphetamines, we find no difficulty in holding that the trial court did not err when it determined that this was not an unusual case within the meaning of section 1203, subdivision (e)(2) and denied probation.  Further, the trial court did not deny defendant due process of law when the court did not expressly state on the record its reasons for denying probation.

"Except in unusual cases in which the interests of justice would best be served if the person is granted probation, probation shall not be granted to . . . [a]ny person who used, or attempted to use, a deadly weapon upon a human being in connection with the

3

perpetration of the crime of which that person has been convicted." (§ 1203, subd. (e)(2).) "The standard for reviewing a trial court's finding that a case may or may not be unusual is abuse of discretion." (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831.)

In determining whether a case is "unusual," the court may consider whether (1) the circumstances of the crime were substantially less serious than the circumstances typically present in other cases involving the same probation limitation, and the defendant has no recent record of committing similar crimes or crimes of violence; (2) the current offense is less serious than a prior felony conviction that is the cause of the limitation on probation, and the defendant has been free from incarceration and serious violation of the law for a substantial time before the current offense; (3) the defendant participated in the crime under circumstances of great provocation, coercion, or duress not amounting to a defense, and the defendant has no recent record of committing crimes of violence; (4) the crime was committed because of a mental condition not amounting to a defense, and there is a high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation; and (5) the defendant is youthful or aged, and has no significant record of prior criminal offenses. (Cal. Rules of Court, rule 4.413(c)(l), (2).)

Mere suitability for probation does not overcome the presumption against probation; if the statutory limitations on probation are to have any substantial scope and effect, "unusual cases" and "interests of justice" must be narrowly construed. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178.)

Here, there is no merit to defendant's contention that the trial court failed to properly consider or apply the factors relevant to unusual cases. At sentencing, the court stated it had considered the probation report, the victims' statements requesting no prosecution, defendant's letters of support, the treatment court recommendation, the behavioral health court and drug court recommendation, defendant's motion to dismiss

4

the firearm enhancement, and defendant's completion of an anger management workbook. The probation report went through several factors under rule 4.413(c) and, finding the case was not unusual, recommended a prison commitment.

Defense counsel argued probation was warranted because defendant had a minimal criminal record, cooperated with law enforcement, did not intend to harm his victims, and was willing and able to comply with the terms and conditions of probation. The trial court acknowledged defendant had a "fairly de minimus" record, describing his crimes here as "sort of an aberration." However, it found the case presumptively ineligible for probation under section 1203, subdivision (e)(2), and denied probation because defendant created a situation where "somebody very easily could have been killed." Thus, there is no indication the court failed to consider the factors in rule 4.413.

Moreover, the trial court was not required to specify on the record the reasons why it found defendant's case was not an unusual one justifying deviation from presumptive ineligibility. (See, *People v. Bradley* (1993) 15 Cal.App.4th 1144, 1156; see also, *People v. Lesnick* (1987) 189 Cal.App.3d 637, 644.) Here, the trial court denied probation on the grounds the case was presumptively ineligible and not unusual. Nothing further was required.

We also note defendant has not demonstrated that any of the factors under rule 4.413(c)(1) and (c)(2), purportedly qualifying this case as unusual, were satisfied. Defendant fired approximately 100 shots, including through the bedroom window while his mother and stepfather slept, and then inside the room while they scrambled to leave. He nearly shot his stepfather in the head. Thus, the court reasonably concluded that the circumstances of the crime were not substantially less serious than circumstances typical in other cases where a defendant used or attempted to use a deadly weapon upon a human being in connection with the perpetration of their crime. (Cal. Rules of Court, rule 4.413(c)(1)(A).) And despite defendant's contention to the contrary, rule 4.413(c)(1)(B) is inapplicable, as his limitation on probation was not due to a prior felony conviction.

The court was also within its discretion to conclude the crime was not committed under circumstances of great provocation, coercion, or duress not amounting to a defense, as defendant's mother and stepfather were asleep when he began shooting. (Cal. Rules of Court, rule 4.413(c)(2)(A).) Defendant also described that he "flashed" and was "raising hell" when he shot approximately 100 rounds with his new gun. These facts do not support provocation, coercion, or duress on the part of defendant. Further, the probation report states defendant does not have any mental health conditions. And given defendant has a prior conviction for driving under the influence, and he admitted six years of daily methamphetamine use prior to his arrest, the court could reasonably conclude there was not a "high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation." (Cal. Rules of Court, rule 4.413(c)(2)(B).) Moreover, while defendant's criminal record was not extensive, he was previously convicted of driving under the influence of alcohol, driving with a suspended license, and failure to appear. And at age 36, he was neither youthful nor aged, thus rendering the exception under California Rules of Court, rule 4.413(c)(2)(C) inapplicable. Accordingly, the court was within its discretion to find the case was not unusual under the factors set forth in California Rules of Court, rule 4.413(c).

Moreover, "[u]nder rule 4.413, the existence of any of the listed facts does not necessarily establish an unusual case; rather, those facts merely '*may* indicate the existence of an unusual case.' [Citation.] This language indicates the provision 'is permissive, not mandatory.' [Citation.] '[T]he trial court may but is not required to find the case unusual if the relevant criterion is met under each of the subdivisions.' [Citation.]" (*People v. Stuart, supra,* 156 Cal.App.4th at p. 178.) Thus, the court was under no obligation to find this case unusual, even if one of the foregoing factors had been met.

Where a court determines the presumption against probation is overcome, it evaluates whether or not to grant probation pursuant to California Rules of Court, rule

6

4.414. (*People v. Stuart*, *supra*, 156 Cal.App.4th at p. 178.) As the trial court here made no such determination, we need not address defendant's contention that probation was warranted under California Rules of Court, rule 4.414. Based on the entire record before us, there was no abuse of discretion in finding this was not an unusual case in which the interests of justice would have been served by granting defendant probation.

DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

ROBIE, J.

_____

MURRAY, J.

7